IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BARRON'S OUTFITTERS, INC.<br><br>   Plaintiff<br><br>vs.<br><br>CFN CAPITAL, LLC d/b/a CAPITAL FUNDS NETWORK, LLC<br><br>   Defendant. | CIVIL ACTION NO. 3:14-2073-TLW |

## CLASS ACTION COMPLAINT

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile ("Junk Fax"). See 47 U.S.C. § 227. Plaintiff, Barron's Outfitters Inc., is a small business located in South Carolina, who has long been inundated with illegal Junk Fax and who now come forward, on behalf of themselves and all persons and entities similarly situated, and file this complaint against the Defendant CFN Capital, LLC d/b/a Capital Funds Network, LLC, for its violation of federal telemarketing law.

## THE PARTIES

1. Plaintiff, Barron's Outfitters, Inc. ("Plaintiff" or "Barron's"), is a South Carolina corporation located in this District and Division in Columbia, South Carolina. Plaintiff brings

this action on behalf of itself and a putative class of persons similar situated, which will be set out in more detail, *infra.*

2. Defendant, CFN Capital, LLC d/b/a Capital Funds Network, LLC ("Defendant" or "Capital Funds"), is a private limited liability company headquartered in Memphis, TN. Capital Funds's registered agent for service of process is Daniel Katz at 5580 Kings Point, Memphis, TN, 38120-2286.

## JURISDICTION

3. The District Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (2012).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District, as Plaintiff received the facsimile advertisement in this District, and maintains the machine that received the facsimile advertisement in this District.

## THE LEGAL BASIS OF THE CLASS CLAIMS

5. This class action arises from the violation by Capital Funds of federal law prohibiting privacy violations via invasive telemarketing practices.

6. The claims of the Plaintiff, and the class of persons and entities it seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

7. The TCPA was also enacted to protect the property rights of the recipients of unsolicited facsimile advertisements.

8. The TCPA prohibits the use of a facsimile machine to send unsolicited advertisements for goods and services. 47 U.S.C. §227(b)(1)(C).

9. The TCPA requires that even facsimile advertisements being sent to companies who consented to receipt, or with whom the advertiser had an established business relationship, must include language on the facsimile which clearly informs the recipient that they may request that future facsimiles cease, and that failure to remove the consumer's facsimile from the telemarketer's database within thirty days is itself a violation of the TCPA. These requisites are referred to as "Compliant Opt Out Notice." *See* 47 U.S.C. §227(b)(2)(D).

10. The TCPA, 47 U.S.C. §227(b)(3) provides a private right of action as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

11. Plaintiff brings this action individually and as the representative of all members of a class, nationwide, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

12. On January 17, 2014, Capital Funds transmitted a Junk Fax to Barron's and to thousands of other entities throughout the United States (the "Junk Fax"). A copy of the Junk Fax is attached as Exhibit 1.

13. At no time did Barron's give Capital Funds its express prior invitation or permission, or prior consent in any fashion, for the transmission of the Barron's Junk Fax.

14. The Barron's Junk Fax did not contain a Compliant Opt Out Notice.

15. The Junk Fax indicated that it was sent from Capital Funds and "Al Peters" and gave a contact phone number for him.

3

16. Al Peters was an agent, employee or representative of Capital Funds at the time he sent the Junk Faxes at issue to Barron's. Al Peters acted with actual, implied or apparent authority from Capital Funds to transmit the Junk Faxes to Barron's. At all relevant times, Peters acted pursuant to Capital Funds's control and instruction. In addition to its own direct liability, Capital Funds is liable for the actions of Al Peters based on the doctrines of vicarious liability, respondeat superior, agency, authority, ratification and other doctrines.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and on behalf of a class of all other persons or entities similarly situated throughout the United States.

18. Through the transmission of generic facsimile advertisements promoting their services, Capital Funds has engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA.

19. Based on the generic style of the facsimile advertisement and the standard telemarketing reach of a Junk Fax campaign, Capital Funds has likely transmitted unsolicited facsimile advertisements to tens of thousands of recipients throughout the United States. In fact, the facsimile advertising campaign of Capital Funds has generated a number of internet complaints. *See* http://800notes.com/Phone.aspx/1-866-767-4447 (Last visited May 27, 2014).

20. Capital Funds did not obtain the consent of facsimile recipients prior to the transmission of facsimile advertisements.

21. By not contacting individuals prior to sending them unsolicited marketing material, Capital Funds carelessly and recklessly failed to obtain prior express invitation or permission from Plaintiff and the class members it seeks to represent, and to take all steps necessary to

ensure that the facsimile marketing campaign of Capital Funds was compliant with telemarketing law.

22. To the extent facsimile advertisements were transmitted by Capital Funds to consumers who had given consent, or had an established business relationship with Capital Funds, of which there is no evidence at this time, the facsimile advertisements are still in violation of the TCPA as they did not contain the Compliant Opt Out Notice required by law.

23. The class of persons represented by Plaintiff is composed of all persons or entities within the United States to whom Capital Funds sent facsimile advertisements promoting Capital Funds and its services at any time within four years prior to the filing of the instant Complaint.

24. The class as defined above is identifiable by phone records, fax transmittal records, and fax number databases, used by Capital Funds or its agents, in transmitting its unsolicited facsimile advertisements. On information and belief, the potential class members number in the thousands and constitutes a class so numerous that joinder of all class members is impracticable. The Plaintiff is a member of the class.

25. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Capital Funds violated the TCPA, and FCC promulgating regulations, by engaging in illegal fax advertising;

    b. Whether the facsimiles sent by Capital Funds to class members constitute unsolicited advertisements; and

    c. Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Capital Funds's actions.

26. Plaintiff's claims are typical of the claims of the class.

27. Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

28. Common questions of law and fact predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Capital Funds and/or its agents.

29. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

30. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

31. Plaintiff is capable of and willing to represent the other members of the class.

## CAUSES OF ACTION
## COUNT I: VIOLATION OF THE TCPA

32. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

33. Capital Funds, or its agents, caused unsolicited facsimile advertisements to be sent to Plaintiff and to the facsimile machines of other members of the class, in violation of the TCPA and the FCC's promulgating regulations.

34. By causing unsolicited facsimile advertisements to be sent to the Plaintiff and the class, Capital Funds violated the privacy rights of Plaintiff and class members.

35. By causing unsolicited facsimile advertisements to be sent to the Plaintiff and the class, Capital Funds caused Plaintiff and class members to sustain property damage and cost in the form of paper and toner.

36. By causing unsolicited facsimile advertisements to be sent to the Plaintiff and the class, Capital Funds interfered with Plaintiff's and class members' use of their property as Plaintiff's and class members' facsimile machines were encumbered by the transmission of Capital Funds's unsolicited facsimile advertisements.

37. By causing unsolicited facsimile advertisements to be sent to the Plaintiff and the class, Capital Funds caused the facsimile machines of Plaintiff and class members to be encumbered by the transmission of unsolicited facsimiles.

38. Capital Funds failed to provide the requisite Opt Out Notice on its advertisements informing the recipient of their right to cease receiving such advertisements and a cost free mechanism to make such request.

39. Failure to provide Opt Out Notice on a facsimile advertisement is a separate and distinct violation of the TCPA.

40. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.  The damages suffered by the Plaintiff and the class it seeks to represent are negligent or willful.

## COUNT II: INJUNCTIVE RELIEF

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

7

43. The Plaintiff, acting on behalf of the Class, respectfully petitions the Court to order Capital Funds to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

1. That Capital Funds immediately be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Capital Funds, its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

3. That this Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure.

4. That the named Plaintiff and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Capital Funds and $1,500 for each wilfull violation of the TCPA.

5. That the Court enter an appropriate order enjoining Capital Funds, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements.

7. That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

**THE CLASS PLAINTIFF REQUESTS A JURY TRIAL AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE.**

Dated this 28th day of May, 2014.

                                                      s/ Lance S. Boozer
                                                    Lance S. Boozer (Fed ID# 10418) (SC Bar# 75803)

**PLAINTIFF'S COUNSEL:**

**THE BOOZER LAW FIRM, LLC**
807 Gervais Street
Suite 203
Columbia, SC 29201
Tele: 803-608-5543
Fax: 803-926-3463
Email: lsb@boozerlawfirm.com

**DEFEFENDANT TO BE SERVED VIA CERTIFIED MAIL AT:**
CFN Capital, LLC d/b/a Capital Funds Network, LLC
C/o Daniel Katz, registered agent for service of process
5580 Kings Point
Memphis, TN 38120-2460